# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:19-CR-00085 |
| v. | (Judge Brann) |
| ZAKHARY WAYNE PRYER, | |
| Defendant. | |

## MEMORANDUM OPINION

### MAY 1, 2020

**I.     BACKGROUND**

In 2019, Zakhary Wayne Pryer was indicted on five counts of distributing controlled substances, in violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), possession of firearms in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A), possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k).[1] The distribution offenses related to sales that occurred in October and November 2018 between Pryer and a Confidential Informant ("CI") who was being utilized by the Pennsylvania State Police.[2]

---

[1] Doc. 1.

[2] *Id.* at 1-2; *see* Doc. 39-1 (police reports detailing purchases conducted by CI).

Pryer has now filed a motion to compel discovery.[3] Pryer asserts that much of the Government's case—and consequently, much of his defense—will hinge upon the CI's credibility, and the CI's identity therefore must be disclosed to the defense.[4] Moreover, because "confidential informants normally do not enter into that field out of the goodness of their heart but rather, as a result of an arrest and/or potential criminal activity," Pryer asserts that the Government must submit to him all impeachment material related to the CI, including whether the CI was ever the target of an investigation or was ever threatened with prosecution.[5]

The Government in turn contends that Pryer has not demonstrated a "specific need for disclosure of the confidential informant," and instead merely speculates as to the usefulness of the requested information and, in any event, legitimate concerns for the CI's safety weigh against disclosure.[6] Finally, the Government offers to turn over any impeachment materials related to the CI no later than 72 hours prior to trial, which it asserts is sufficient for the defense to adequately prepare for trial.[7] This motion is ripe for disposition and, for the following reasons, will be granted in part and denied in part.

---

[3] Doc. 26.

[4] Doc. 27. *See id.* at 2 ("The confidential informant's credibility is going to be critical to the representation of the Defendant in this case").

[5] *Id.* at 3.

[6] Doc. 40 at 3; *see id.* at 2-6

[7] *Id.* at 6-9.

## II. DISCUSSION

With respect to disclosure of a CI's identity, such disclosure "is required where 'an informer's identity, or . . . the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause.'"[8] However, "the burden to demonstrate the need for disclosure rests on the defendant."[9] In meeting this burden, the United States Court of Appeals for the Third Circuit has emphasized that "[t]he mere speculation that an eyewitness may have some evidence helpful to defendant's case is not sufficient to show the specific need required by *Roviaro*."

Only if a defendant meets his burden will courts engage in a balancing test, weighing "'the public interest in protecting the flow of information against the individual's right to prepare his defense.'"[10] The results of that balancing test "will depend upon the particular circumstances of the case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."[11]

Here, Pryer has not satisfied his burden of demonstrating—in a concrete, non-speculative manner—the need for disclosure of the CI's identity. Rather, Pryer

---

[8] *United States v. Johnson*, 677 F.3d 138, 143 (3d Cir. 2012) (quoting *Roviaro v. United States,* 353 U.S. 53, 60-61 (1957)).

[9] *Id.*

[10] *United States v. Jiles*, 658 F.2d 194, 196 (3d Cir. 1981) (quoting *Roviaro,* 353 U.S. at 62).

[11] *Id.* (internal quotation marks omitted).

3

states in conclusory fashion that disclosure is required so that he may properly investigate the CI's credibility.[12] Without a more specific assertion, the Court concludes that Pryer has not satisfied his initial burden.

Moreover, that Pryer may be able to discover information that undercuts the CI's credibility is insufficient to warrant disclosure. This is so because disclosing the identity of a CI will always allow a defendant to investigate and probe for impeachment material. However, as the Third Circuit has warned, "if disclosure . . . is required in every instance[,] the interests of law enforcement in combatting (crime) will be detrimentally affected by the emasculation of its only effective weapon[—]the informer."[13]

Finally, even if Pryer had articulated a need for disclosure, based on the available record the Court believes that the balance tips against requiring disclosure at this time. The Government has noted legitimate concerns for the safety of the CI based on Pryer's past conduct,[14] and this concern—combined with the strong public interest in preventing disclosure[15]—weighs against granting Pryer's motion.[16] Consequently, the Court concludes that there is insufficient evidence of need for

---

[12] Doc. 27 at 2.

[13] *Jiles*, 658 F.2d at 197.

[14] *See* Doc. 40 at 5-6.

[15] *See McCray v. Illinois*, 386 U.S. 300, 308-09 (1967) (detailing public interest reasons for protecting identity of CIs).

[16] *See Jiles*, 658 F.2d at 198 (holding that the "very high risk of physical harm to the particular informant involved" weighed against disclosure despite particular need for disclosure).

disclosure, or that any need outweighs the public interest in maintaining the confidentiality of the CI's identity.

Turning to Pryer's claim that the Government must turn over impeachment material related to why the CI began working on behalf of law enforcement,[17] the Fifth Amendment to the United States Constitution requires that the Government disclose to a defendant any information within its possession that is material to guilt or punishment.[18] "When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within this general rule."[19]

Pryer asserts, correctly, that "confidential informants normally do not enter into that field out of the goodness of their heart but rather, as a result of an arrest and/or potential criminal activity" that may undermine their credibility.[20] The CI's credibility will be important to this case as his testimony forms a good deal of the Government's case.[21] As such, the Court agrees that Pryer is entitled to information "concerning why the confidential informant began cooperating."[22]

---

[17] Doc. 27 at 3.

[18] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

[19] *Giglio v. United States*, 405 U.S. 150, 154 (1972) (internal quotation marks omitted).

[20] Doc. 27 at 3.

[21] The Court notes that Pryer has also filed a motion to suppress inculpatory statements that he gave to the police, as well as all evidence seized during a search of Pryer's property. (Doc. 28). Suppression of such evidence would increase the importance of the CI's testimony, while denial of the motion would obviously diminish the importance of the CI's testimony.

[22] *Id.*

However, that Pryer is entitled to this material does not mean he is entitled to this material immediately, as "[n]o denial of due process occurs if *Brady* material is disclosed to [defendants] in time for its effective use at trial."[23] The Third Circuit has made clear that a defendant's "right to a fair trial [is] fully protected if disclosure" of "information [the defendant] could use on cross-examination to challenge the credibility of government witnesses" is made as late as "the day that the witness testifies."[24]

The Government has offered to produce *Giglio* impeachment material three days prior to trial.[25] "The government is under no obligation to disclose such material prior to trial, yet the court has discretionary authority to compel pretrial disclosure of *Giglio* material to ensure the effective administration of the criminal justice system."[26] As a general matter, early disclosure of impeachment material is not required because "impeachment evidence does not require counsel to be given substantial time in advance to review."[27] However, consistent with this Court's past practice, rather than submitting materials three days prior to trial, the Government shall disclose to Pryer all *Giglio* materials "at least one week prior to a date-certain

---

[23] *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983).

[24] *Id.*

[25] Doc. 40 at 9.

[26] *United States v. Crowder*, No. 4:17-CR-00291, 2019 WL 764350, at *3 (M.D. Pa. Feb. 21, 2019) (internal quotation marks omitted).

[27] *Id.*

trial in this matter," as such a timeline "fully protects Defendant[']s rights to a fair trial and provides defense counsel with sufficient time to effectively utilize the information disclosed."[28]

### III.  CONCLUSION

For the foregoing reasons, Pryer's motion for discovery will be granted in part and denied in part.  Pryer's request to disclose the identity of the CI will be denied, while his request for *Giglio* materials will be granted in part, to the extent that disclosure must occur no less than seven (7) days prior to trial.

An appropriate Order follows.

                                           BY THE COURT:

                                           *s/ Matthew W. Brann*
                                           Matthew W. Brann
                                           United States District Judge

---

[28]  *Id.*